UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ABNER CALLOWAY, et al.,**

    **Plaintiffs,**

v.                                        Case No:  6:20-cv-1369-Orl-41DCI

**WASTE PRO USA, INC. and WASTE PRO OF FLORIDA, INC.,**

    **Defendants.**

                                               /

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion to Amend," Doc. 26) and Defendants' Motion to Sever and Dismiss/Drop for Misjoinder ("Motion to Sever," Doc. 27). Also before the Court is Plaintiff Abner Calloway's Motion to Dismiss Amended Complaint without Prejudice ("Motion to Dismiss," Doc. 43) and Defendants' Response (Doc. 44). For the reasons stated herein, the Motion to Amend will be denied, the Motion to Sever will be granted, and the Motion to Dismiss will be granted.

United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("R&R," Doc. 41), in which he recommends that Plaintiffs' Motion to Amend be denied. The R&R also recommends that Defendants' Motion to Sever be granted and that the Court direct Plaintiff Calloway to file an amended complaint containing only his claims. After a *de novo* review of the record, and noting that no objections were timely filed, the Court agrees with the analysis in the R&R. However, Judge Irick's recommendation as to Plaintiff Calloway filing an amended complaint has been rendered moot by the Motion to Dismiss.

The Court turns now to that Motion, which is brought pursuant to Federal Rule of Civil Procedure 41(a)(2). That Rule permits voluntary dismissal by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis omitted). Because dismissal will not result in any legal prejudice, beyond the mere possibility of a future lawsuit, dismissal without prejudice is appropriate.[1]

The Court declines to dismiss this case pursuant to Rule 21 with prejudice, as Defendants urge, for several reasons.  First, Defendants improperly invoke Rule 21, which governs misjoinder and nonjoinder of parties, to seek dismissal of Plaintiff Calloway's claims with prejudice. "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Second, Defendants' Response appears to be a thinly veiled attempt to have the Court impose sanctions on Plaintiff Calloway for his failure to cooperate with discovery. This is simply improper. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)). Defendants, as the non-moving parties, were permitted to file a response to oppose the relief requested in Plaintiff Calloway's Motion to Dismiss, *see* Local Rule 3.01(b); however, if Defendants wished to seek affirmative relief independent of Plaintiff's request, they needed to file a separate a motion.  *See* Local Rule 3.01(a).

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 41) is **ADOPTED** and **CONFIRMED** as set forth herein.

---

[1] If this case is refiled, Defendant may be able to obtain all costs and fees associated with this action. *See* Fed. R. Civ. P. 41(d)(1)–(2).

2. Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 26) is **DENIED**.

3. Defendants' Motion to Sever and Dismiss/Drop for Misjoinder (Doc. 27) is **GRANTED**.

4. Plaintiff Calloway's Motion to Dismiss Amended Complaint without Prejudice (Doc. 43) is **GRANTED.**

5. All claims are **DISMISSED without prejudice**. All individual Plaintiffs may refile their claims as separate individual actions.

6. The Clerk is directed to close this Case.

**DONE** and **ORDERED** in Orlando, Florida on November 4, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record